## Rohan Ramchandani - Bail Terms Agreement

1. The purpose of this agreement is to memorialize the understanding between the U.S. Department of Justice, Antitrust Division ("United States") and Rohan Ramchandani ("Defendant") concerning his release on bail in the case entitled United States v. Usher, et al., No. 17-cr-19 (RMB), pending in the United States District Court for the Southern District of New York. The United States and Defendant acknowledge that this agreement is not binding on the Court or Pretrial Services, which may order or require additional or different terms for Defendant's release on bail.

2. Three business days prior to his initial appearance before the Court, Defendant will execute the attached Affidavit and provide a copy to counsel for the United States.

3. The United States and Defendant will jointly recommend to the Court that it release Defendant on a $1,000,000 bond with $250,000 cash paid as security, as directed by the Court.

4. Defendant must submit to supervision by and obey all directives of the United States District Court Pretrial Services Office ("Pretrial Services") for the Southern District of New York ("the District").

5. Defendant may not travel outside the United Kingdom other than to travel to 1) the United States for an appearance before the Court in the above-referenced case and 2) Ireland. Upon return to the United Kingdom after any appearance before the Court or to visit Ireland, Defendant must surrender his passport to his attorney's law firm in the United Kingdom.

6. Defendant must appear personally before the Court for an initial appearance, arraignment, trial, and at any other time as required by the Court. If convicted, Defendant must surrender as directed by the Court. If, while the Defendant is within the District, any personal appearance before the Court by the Defendant is required within 40 days, Defendant must make arrangements to stay within the United States in the interim under the supervision of Pretrial Services.

7. Defendant must return to the District at least 30 days before trial and, upon arrival, surrender his passport to Pretrial Services.

8. Defendant must notify the New York Office of the Antitrust Division of any change in his residence or telephone number. Defendant may not move his residence from the United Kingdom without prior permission from the Court.

9. Defendant must not violate any federal, state, or local law.

10. The United States agrees not to move the Court for a stay of Defendant's case such that Defendant's trial would be delayed indefinitely until the final resolution on the merits of any request to extradite one or both of Defendant's co-defendants from the United

Kingdom. The Antitrust Division may move the Court for a stay on any other grounds, including to consolidate trial schedules for any co-defendant who has consented to appear in the U.S. without extradition, consented to extradition, or waived extradition.

11. The United States agrees that, as of the date of final agreement to these terms, it will not seek to add any charges or counts against Defendant based on the conduct currently alleged in the indictment in the case referenced above ("Indictment") or based on the foreign exchange trading undertaken by the Defendant at Citicorp. The United States remains free to seek additional charges or a superseding indictment for any other reason, including but not limited to, to add charges relating to obstructive conduct in connection with the investigation or prosecution of the conduct alleged in the Indictment, or to supplement, modify, or refine the allegations charging the conspiracy in violation of Section 1 of the Sherman Act contained in the Indictment.

**AGREED:**

**FOR ROHAN RAMCHANDANI:**

Date: June 28, 2017    By: _____
                              Thomas Mueller
                              WilmerHale LLP
                              Attorney for Rohan Ramchandani

**FOR THE DEPARTMENT OF JUSTICE, ANTITRUST DIVISION:**

JEFFREY D. MARTINO
Chief, New York Office
Antitrust Division
United States Department of Justice

Date: 6/29/17    By: _____
                        Carrie A. Syme, Trial Attorney
                        David Chu, Trial Attorney
                        Leah Gould, Trial Attorney
                        Bryan Serino, Trial Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

UNITED STATES OF AMERICA                       :

      v.                                          :        1:17-CR-00019 (RMB)

RICHARD USHER,                                 :
ROHAN RAMCHANDANI, and
CHRISTOPHER ASHTON,                            :

                      Defendants.    :

------------------------------------------------------------ x

## AFFIDAVIT OF WAIVER OF EXTRADITION

1.    I, Rohan Ramchandani, having been fully informed by my attorneys in the United States (Thomas Mueller of WilmerHale LLP) and the United Kingdom (Stephen Pollard of WilmerHale LLP) of my rights under the extradition treaty in force between the United States and the United Kingdom, do hereby waive any and all such rights with respect to the charge set forth in the indictment filed in the Southern District of New York, Case No. 1:17-CR-00019 (RMB), entitled <u>United States v. Usher et al</u> ("Indictment"). I am willing to voluntarily surrender to United States authorities to answer the charge set forth in that Indictment.

2.    My attorneys, with whose services I am satisfied, have explained to me the terms of the extradition treaty in force between the United States and the United Kingdom; the applicable sections of Title 18, United States Code; and the Indictment. I understand that I would be entitled to proceedings and hearings in the United Kingdom to challenge an extradition request by the United States. I concede that I am an individual against whom a charge is pending in Case No. 1:17-CR-00019 (RMB) and for whom process is outstanding. I fully understand that in the absence of a waiver of my rights, I cannot be compelled to surrender to the United States

authorities unless and until a court in the United Kingdom issues a ruling certifying my extraditability and orders my extradition.

3. I have reviewed the Indictment and I fully understand my right to challenge extradition. I hereby waive my rights under the extradition treaty and agree to surrender on July 17, 2017 to the Federal Bureau of Investigation and thereafter to remain under the supervision of the United States District Court for the Southern District of New York.

4. Although the court is not bound by any agreements made between myself and the United States government, the parties agree to ask the court for bail as follows: a $1,000,000.00 bond secured by $250,000.00 cash to be deposited as directed by the court; and retention of my passport by my attorneys' law firm in the United Kingdom for travel to and from the United Kingdom to Ireland and for travel to and from the United Kingdom and the United States. The parties agree to other pre-trial conditions deemed appropriate in connection to the bond and travel, with that agreement recorded separately.

5. No representative, official, or officer of the United States or of the government of the United Kingdom, nor any other person, has made any other promises or offered any other form of inducement nor made any threat or exercised any form of intimidation against me.

6. I execute this waiver of rights knowingly, voluntarily, and entirely of my own free will and accord.

Dated this ___ of _____, 2017.

_____
Rohan Ramchandani


_____
Thomas Mueller
WilmerHale LLP
Attorney for Rohan Ramchandani

2

     I hereby certify that on this ___ day of _____, 2017, Rohan Ramchandani personally appeared before me and made this oath in due form of law that the statements herein are true.

_____
The Honorable Richard Berman
United States District Judge, SDNY