July 5, 2017

Honorable Richard M. Berman
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:  *United States v. Usher et al.,* 17 Cr. 19 (RMB)

Dear Judge Berman:

      We are writing in support of the proposed pretrial release conditions for Messrs. Rohan Ramchandani, Richard Usher, and Christopher Ashton ("the defendants") in the above-referenced matter.  These bail terms, which were described in the government's letter of June 30, 2017, are being jointly proposed by the government and the defendants for the Court's consideration.  The defendants—all citizens of the United Kingdom, where they currently live—have waived extradition and have voluntarily agreed to appear in the United States to contest the charge in this matter.  Given the defendants' backgrounds and the circumstances of this case, as well as the recent pretrial release conditions for foreign nationals in the Southern District of New York in comparable matters, we respectfully submit that the proposed bail terms are reasonable and appropriate.

      By way of background, Rohan Ramchandani is 37 years-old and worked at Citicorp for most of his adult life.  He joined the bank in 2001 as a summer intern, when he was an undergraduate at the University of Pennsylvania.  He stayed with Citicorp until he was terminated in January 2014 (working first in New York, and from 2004 onwards in London).  He lives in London with his wife and three-year-old daughter.  In connection with the Court's consideration of bail, it bears noting that, *subsequent* to the indictment in this matter, Mr. Ramchandani, with the government's concurrence, traveled to India in March 2017 to attend to his mother's passing, and thereafter returned to the United Kingdom without any incident.

      Richard Usher is 43 years-old and a lifelong resident of Kent County in England.  He and his wife have two children, a ten-year-old son and a seven-year-old daughter.  Richard has exceptionally strong family ties.  He and his wife started dating as teenagers.  Several family members live close by to them in Kent County.  They provide substantial support to both of their mothers and to Richard's sister-in-law.  Richard started working in London banking at age 18, and because he has a knack for mathematics, he rose through the ranks without a college degree, becoming a highly successful foreign exchange trader.  His most recent position was Managing Director with JP Morgan Chase Bank's London office, a position he held until 2014.

Honorable Richard M. Berman
July 5, 2017
Page 2

Christopher "Chris" Ashton, age 43, is a married father of two. He lives in Essex with his wife of 17 years, Kelly, and school-aged sons. He also has a close relationship with his parents, who live in the same town. Mr. Ashton started working on a foreign exchange trading desk in 1997, after completing a university student training program with UBS. In September 2006, Mr. Ashton was hired by Barclays and continued to be employed there until April 2015. He now works as a coach at a sports facility near his house. In addition to his job coaching, Mr. Ashton volunteers at both a veterans' charity and an organization that supports families of children with special needs. He has not traveled outside of the United Kingdom since a family holiday in 2014. Mr. Ashton has never had any type of contact with the criminal justice system in the United Kingdom, United States, or anywhere else.

The defendants were indicted on January 10, 2017, and thereafter quickly sought to negotiate recommended bail terms with the government, thus sparing the government from having to seek extradition from the United Kingdom. As described in the government's letter of June 30, 2017, the parties have spent the past few months finalizing these bail terms, which are in line with recent analogous cases in this District. For example, in *United States v. Robson et al.*, 14 Cr. 272 (JSR), Messrs. Conti and Allen, former employees at Rabobank, were charged with manipulating the London Interbank Bank Offering Rate (LIBOR). As with the defendants in this case, they waived extradition and voluntarily appeared in the District from the United Kingdom. Conti and Allen contested the case and were allowed to return to the United Kingdom to await trial. The monetary terms of their bail conditions were also comparable. Their bail was set at $500,000 with various methods of security, including cash and U.K. real estate. In fact, Conti and Allen were even permitted to return to the United Kingdom post-conviction, pending their appeals. To take another recent example, in *United States v. Connolly et al.*, 16 Cr. 370 (CM), Gavin Black, a U.K. national and former Deutsche Bank trader, was also charged with manipulating the LIBOR. His bail was set at $500,000 with $100,000 secured in cash, and he, too, was allowed to travel back to the United Kingdom while awaiting trial.

Most recently, in *United States v. Hussain*, 16 Cr. 462 (N.D. Cal.), an accounting fraud matter involving Hewlett Packard's purchase of Autonomy, Sushovan Hussain, a U.K. national, agreed to waive extradition. The District Court entered a bail order with a personal recognizance bond of $1,000, while also allowing Mr. Hussain to remain in the United Kingdom pending trial. The Court recognized that Mr. Hussain had been actively defending the case and would be proceeding to trial.

The defendants here are similarly situated. The conduct underlying the charges occurred several years ago, as part of professional work in which the defendants are no longer engaged. At every stage of this proceeding, they have demonstrated their commitment to stand trial and defend their innocence—evidenced most clearly by their proactive decision to engage with the government to negotiate bail terms, waive extradition, and voluntarily appear in the United States.

Honorable Richard M. Berman
July 5, 2017
Page 3

      The government has agreed to the proposed bail packages after assessing the defendants' personal circumstances, and accounting for financial and other information that the defendants have provided voluntarily. The defendants' lives, families, and remaining resources are in the United Kingdom. The defendants and their family members would suffer financial ruin and irreversible injury to their family lives if they were required to uproot and relocate to the United States for the substantial period that this case will require. We also understand that Pretrial Services likewise recommends release conditions that would allow the defendants to continue living in the United Kingdom pending trial.

      Should the Court have any questions about the jointly proposed bail package in advance of the initial appearance scheduled for July 17, 2017, the parties will be immediately available to address any issues.

Respectfully submitted,

*[signature]*

Anjan Sahni
Heather Tewksbury
Thomas Mueller
*Counsel for Rohan Ramchandani*
WilmerHale LLP
7 World Trade Center
New York, NY 10007


Michael Kendall
Mark Gidley
Andrew Tomback
*Counsel for Richard Usher*
White & Case LLP
75 State Street
Boston, MA 02109


David Schertler
Lisa Manning
*Counsel for Christopher Ashton*
Schertler & Onorato, LLP
1101 Pennsylvania Avenue, NW, Suite 1150
Washington, D.C. 20004

Honorable Richard M. Berman
July 5, 2017
Page 4


Cc:     Carrie Syme, Esq. and Jeffrey Martino, Esq.
        (Department of Justice, Antitrust Division)