```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/17/17
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.     : | 17-cr-19-RB |
| : | |
| RICHARD USHER, ROHAN : | **STIPULATED PROPOSED** |
| RAMCHANDANI, and CHRISTOPHER : | **PROTECTIVE ORDER** |
| ASHTON : | |
| Defendants. : | |

PROTECTIVE ORDER

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately-tailored protective Order, it is therefore hereby ORDERED that:

1.  All documents (and the information contained therein) disclosed by the Government in discovery and otherwise, including documents disclosed pursuant to Title 18 United States Code Section 3500; Federal Rule of Criminal Procedure 16(a); *Brady v. Maryland*; and/or *United States v. Giglio* ("Disclosed Documents") may be reviewed by the defendant and his defense counsel and shall be used by the defendant, his defense counsel, and defense counsel's agents, only for the purposes of the defense of, and the pursuit of any appeals in, this criminal action. The term "Defense Counsel" means the full time, part-time, and contract employees of each defendant's counsel in this case, acting individually on behalf of their client or in coordination with other defendants, other defendants' counsel, or other defendants' agents in this case. To the extent Disclosed Documents are shown or provided to additional persons

1

consistent with the terms set forth below, those additional persons may use the documents only for the purposes of the defense of, and the pursuit of any appeals in, this criminal action.

2. Disclosed Documents:

(a) Shall not be distributed or disclosed in any form by the defendant or Defense Counsel except as set forth in paragraph 2(b) below;

(b) May be disclosed only by Defense Counsel and only to the following persons (hereinafter "Designated Persons"):

(i) investigative, secretarial, clerical, paralegal and student personnel employed full-time or part-time by Defense Counsel;

(ii) expert witnesses, investigators, advisors, or other third parties retained by the defendant or acting on his behalf in connection with this action;

(iii) fact witnesses or other third-parties interviewed or consulted by Defense Counsel (or others retained by or acting on its behalf) in the course of investigating or defending the case;

(iv) such other persons as hereafter may be authorized by the Court upon such motion by the defendant; and

(c) Shall be returned to the Government or destroyed following the conclusion of this case, including after all appeals have been exhausted, together with any and all copies thereof, to the best of Defense Counsel's ability.

3. Defense Counsel shall provide a copy of this Order to any Designated Persons to whom Disclosed Documents are disclosed pursuant to paragraphs 2(b). Designated Persons shall be subject to the terms of this Order.

4. Defense Counsel may, at any time, notify the Government that Defense Counsel does not concur in the designation of documents or other materials as Disclosed Documents subject to this Order. If the Government does not agree to de-designate such documents or materials within three (3) business days of the written request, Defense Counsel may thereafter move the Court for an Order de-designating such documents or materials. Such documents or materials shall be deemed subject to this Order unless and until the Court rules otherwise. Notwithstanding anything herein to the contrary, the Government bears the burden of establishing a good cause basis for materials to continue to be protected pursuant to this Order.

5. The provisions of this Order shall not be construed as preventing the disclosure of the Disclosed Documents or any other information by public submission in any motion, hearing, trial, or sentencing proceeding held in this action or to any judge or magistrate of this or any court for purposes of this action. Nothing in this Order shall prevent the parties from seeking to file pleadings and documents under seal, consistent with Rule 3 of the Individual Practices of Honorable Richard M. Berman.

6. Any Defense Counsel can use Disclosed Documents as part of any motion or application to a court or government agency in the United States or the United Kingdom. Any Defense Counsel can use Disclosed Documents as part of any motion or application to a court in any other jurisdiction only with permission from this Court. Such request, when appropriate, may be made by *ex parte* motion to this Court.

7. The terms of this Order shall not apply to documents or information received by the defendant from a source other than the Government. To the extent that the Disclosed Documents or the Government's discovery contains documents that are also publicly available, nothing in this stipulation shall restrict the use of such publicly available documents.

SO STIPULATED AND AGREED

_____
Jeffrey D. Martino
Carrie A. Syme
Bryan Serino
David Chu
Leah Gould

Counsel for the United States

Dated: 7/17/17

8. The Court retains discretion whether to afford confidential treatment to any confidential document or information contained in any confidential document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

_____
Michael Kendall
Andrew Tomback
White & Case LLP
Counsel for Defendant Richard Usher
Dated: _____

_____
Heather Tewksbury
Anjan Sahni
WilmerHale
Counsel for Defendant Rohan Ramchandani
Dated: _____

_____
David Schertler
Schertler & Oronato, LLP
Counsel for Defendant Christopher Ashton

Dated: 7-17-17

SO ORDERED* as modified in paragraph 8

_____
RMB
HON. RICHARD M. BERMAN
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

Dated this 17 day of July, 2017 in New York, New York.