UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA               :
:
v.                              :        17 Cr. 19 (RB)
:
RICHARD USHER, ROHAN                   :
RAMCHANDANI, and CHRISTOPHER           :
ASHTON,                                :
:
Defendants.              :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### GOVERNMENT'S UNOPPOSED MOTION TO AUTHORIZE ALTERNATIVE VICTIM NOTIFICATION PROCEDURES PURSUANT TO 18 U.S.C. § 3771(d)(2)

The United States of America, by and through the undersigned attorneys for the Department of Justice, pursuant to 18 U.S.C. § 3771(d)(2), respectfully moves this Court for an order adopting a "reasonable procedure" for providing notice to "crime victims" as provided for under the Crime Victims' Rights Act, 18 U.S.C. § 3771. Counsel for the defendants have represented to the Government that the defendants do not object to this motion.

The Act, as amended in 2004, requires that the Department of Justice use its "best efforts" to see that "crime victims" are notified of and accorded rights as described in 18 U.S.C. § 3771(c)(1). The Act defines "crime victim" as "a person directly or proximately harmed as a result of the commission of a Federal offense …." 18 U.S.C. § 3771(e).

The rights of a crime victim under the Act include the "right to reasonable, accurate, and timely notice of any public court proceeding, or any parole proceeding, involving the crime or of any release or escape of the accused." 18 U.S.C. § 3771(a)(2).

Where the Court finds that the number of crime victims make it "impracticable" to accord all of the crime victims the rights in Section 3771(a), the Court "shall fashion a reasonable procedure" to give effect to the Act that does not "unduly complicate or prolong the proceedings." 18 U.S.C. § 3771(d)(2). Although none of the defendants has yet been convicted, and each has pleaded not guilty to the charge against him, the United States has alleged that a crime occurred and that various individuals and entities were victims of that conduct, and thus has a duty to follow the procedures set forth in the Act.

In the instant case, the Government submits that it would be impracticable to provide individual notice to each potential victim directly or proximately harmed by the charged conspiracy. The defendants and their co-conspirators, which were other financial institutions and their employees acting as dealers in the foreign currency exchange ("FX") market, are alleged to have entered into and engaged in a combination and conspiracy, from at least as early as December 2007 and continuing until at least January 2013, the exact dates being unknown to the United States, in the Southern District of New York and elsewhere, to suppress and eliminate competition by fixing prices and rigging bids for the Euro-U.S. Dollar ("EUR/USD") currency pair. The potential crime victims include customers and counterparties who exchanged EUR/USD with the defendants, their corporate co-conspirators, and their employees, over a five-year period. An enormous number of individual EUR/USD trades were conducted by the defendants and their corporate co-conspirators during that time, likely into the hundreds of thousands. Identifying and locating each potential victim would be extremely burdensome.

Furthermore, potential victims harmed by the conspiracy are already on notice

because, among other reasons, a class action lawsuit has been filed on behalf of the alleged victims. *See In re Foreign Exchange Benchmark Rates Antitrust Litigation*, No. 13-cv-7789 (LGS) (S.D.N.Y.).

Accordingly, the Government respectfully requests that this Court adopt a "reasonable procedure" for providing notice to potential crime victims in this case. 18 U.S.C. § 3771(d)(2). Specifically, the Government proposes that, for any proceeding requiring victim notice under 18 U.S.C. § 3772(a)(2), the Government will provide reasonable notice of the proceeding on the Internet, at a publically accessible website for the Antitrust Division, http://www.justice.gov/atr. The information regarding any public proceeding in this matter will be timely posted on a specified page on the Antitrust Division's website, which is accessed by going to: http://www.justice.gov/atr/victim/vrhearings.htm.

The Government will also contact lead counsel for the plaintiffs in the civil litigation referenced above. These steps accomplish the purpose of the Act with respect to reasonable notice to crime victims, without unduly complicating or prolonging the proceedings. 18 U.S.C. § 3771(d)(2).

A proposed order is attached to this motion.

Dated:    August 3, 2017

UNITED STATES DEPARTMENT OF JUSTICE,
ANTITRUST DIVISION

By: /s/ Leah Gould
LEAH GOULD
Trial Attorney

CARRIE SYME
JEFFREY MARTINO
Department of Justice, Antitrust Division
26 Federal Plaza, Room 3630
New York, NY 11201
Tel: (212) 335-8000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
UNITED STATES OF AMERICA            :
                                    :
                                    :
         - v. -                     :
                                    :   17 Cr. 19 (RB)
                                    :
RICHARD USHER, ROHAN                :
RAMCHANDANI, and CHRISTOPHER        :
ASHTON,                             :
                                    :
                                    :
              Defendants.           :
------------------------------------x

## ORDER ESTABLISHING PROCEDURE FOR CRIME VICTIM NOTIFICATION PURSUANT TO 18 U.S.C. § 3771(d)(2)

On this date, the Court considered the Unopposed Motion to Authorize Alternative Victim Notification Procedures Pursuant to 18 U.S.C. § 3771(d)(2), filed by the United States Department of Justice, Antitrust Division.

Having considered the Motion and for good cause shown, the Court **GRANTS** the Motion and **ORDERS** that for any public court or parole proceeding involving the crime, the Antitrust Division may provide reasonable, accurate, and timely notice to potential crime victims through its website, http://www.justice.gov/atr/victim/vrhearings.htm, and through notice to lead counsel for the plaintiffs in the class action entitled, *In re Foreign Exchange Benchmark Rates Antitrust Litigation*, No. 13-cv-7789 (LGS) (S.D.N.Y.), rather than through individual notices to the crime victims.

**IT IS SO ORDERED.**

**DATED** this _____ day of August, 2017.

_____
HONORABLE RICHARD BERMAN
UNITED STATES DISTRICT JUDGE