

U.S. Department of Justice

Antitrust Division

---

*New York Office*

26 Federal Plaza  
Room 3630  
New York, New York 10278-0004

212/335-8000

FAX 212/335-8023

August 16, 2017

**ECF & HAND DELIVERY**

The Honorable Richard Berman  
United States District Judge  
Southern District of New York  
500 Pearl Street  
New York, New York 10007-1312

      Re:    *United States v. Richard Usher et al.*, 17-CR-19 (RMB)

Dear Judge Berman:

      We write this letter in response to Defendants' August 15, 2017 letter requesting leave to file a motion for a bill of particulars ("Letter"). The Government does not oppose Defendants' request for leave, as we informed Defendants yesterday. However, upon reading the letter, we see that Defendants have significantly narrowed the dispute since that time. We respectfully submit that Defendants' motion may be resolved more expeditiously through a court conference rather than full briefing.

      The exhibits to Defendants' Letter lay out the short history of this dispute. Defendants originally demanded a broad bill of particulars detailing "all" trades, fixes, decisions to refrain from trading, and communications in furtherance of the conspiracy, as well as an explanation of the "specific method" by which any alleged trading manipulation occurred. In addition, Defendants requested a list of all episodes of alleged conspiratorial trading that the Government intends to rely upon at trial. The Government objected to both parts of this request, citing relevant precedent, and instead gave a bill of particulars specifying only the co-conspirators.

      Defendants have now streamlined their request to just one: the "trades, bids, and offers (and the corresponding communications, *e.g.*, call or chatroom passage on that day) the Government intends to rely upon at trial." (*See* Letter at 4.) If the Court prefers to have full briefing of this issue, the Government will argue that the law forbids Defendants from using a bill of particulars to get a preview of the Government's trial evidence or legal theories. But such briefing may be unnecessary. The Government has already committed to Defendants that it will provide an early trial exhibit list, which will also specify the particular instances of alleged collusive trading and means of communication. In line with typical practice in the Southern District of New York in similar cases, the Government has committed to providing this 60 to 90

days prior to trial. (The *Connolly* case cited by Defendants is not substantially different. The *Connolly* court required the government to provide an initial list of trades at issue a year after arraignment and a substantial period of pretrial discovery, and a final list only after the completion of briefing on dispositive motions and less than four months before trial. *See U.S. v. Connolly*, 2017 WL 2537808, at *3, *7 (S.D.N.Y. May 24, 2017).) The Government gave this commitment to Defendants in writing on August 8, 2017 (*see* Attachment B to Letter, at 5.)

Thus, the issue that Defendants have placed before the Court is not truly about a bill of particulars. The issue is when the Government should produce a trial evidence list specifying the allegedly collusive trades for the jury. The Government is happy to fully brief that issue before the Court, but also ready to resolve the matter by conference or otherwise at the Court's direction.

Respectfully submitted,

*/s/ Carrie A. Syme*

Jeffrey D. Martino
Chief, New York Office

Carrie A. Syme
Trial Attorney

Antitrust Division
U.S. Department of Justice
26 Federal Plaza, Suite 3630
New York, New York 10278

2