WILMERHALE

August 17, 2017

Honorable Richard M. Berman
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:  *United States v. Usher et al.*, 17 Cr. 19 (RMB)

Dear Judge Berman:

      We respectfully submit this response to the government's August 16, 2017 letter ("Govt. Letter") regarding our request for leave to file a motion for a bill of particulars. We of course defer to the Court on whether further briefing or a conference would be preferable to resolve this dispute. Our interest is simply to obtain the requested particulars as soon as possible, given the enormity of data in this case and the trial date. If the Court determines that briefing is unnecessary and a conference is more likely to facilitate a swift resolution, we will be ready to address and argue these issues at the Court's earliest convenience, including tomorrow or next week.

      The government's letter notably does not dispute any of the underlying facts supporting our request for a bill of particulars. Specifically, it does not dispute that (1) the five-year time period of the charges includes *millions* of trades by participants in the alleged conspiracy; (2) the great majority of the defendants' trades were entirely lawful and will play no role in the government's case; (3) the 10-page indictment fails to identify even a *single* allegedly criminal transaction; and (4) the discovery produced thus far (with more to come) is staggering in scope: 1,400 hours of untranscribed audio recordings; 375,000 chats, emails, and attachments; and trading data from several banks comprising many millions (and likely several tens of millions) of transactions. Notwithstanding these undisputed facts, the government (which has investigated this case for more than four years) astonishingly contends that the defendants should continue to labor in mystery as to which trades—from a mass of literally millions—are allegedly criminal, until its production of trial exhibits 60 to 90 days before trial. That remarkable position is precisely why we have sought the Court's urgent intervention.

      The government asserts that its provision of trial exhibits on this schedule is "in line with typical practice in the Southern District of New York in similar cases." (Govt. Letter at 1). Yet, it ignores the practice followed in several recent trade-based prosecutions, where bills of particulars have been ordered. *See, e.g., United States v. Walters*, 16 Cr. 338 (PKC) (S.D.N.Y. Dec. 13, 2016) (ECF No. 51), Tr. at 27 ("I'm going to grant the motion for a bill of particulars, and by January 13, 2017, you are going to identify all trades that you contend are unlawful on one or more counts of the indictment."); *United States v. Contorinis*, 09 Cr. 1083 (RJS)

Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, New York 10007

Beijing    Berlin    Boston    Brussels    Denver    Frankfurt    London    Los Angeles    New York    Oxford    Palo Alto    Washington

WILMERHALE

Honorable Richard M. Berman, U.S.D.J.
August 17, 2017
Page 2

(S.D.N.Y. July 2, 2010) (ECF No. 49) ("[T]he government shall submit a bill of particulars with respect to the material, non-public information allegedly disclosed in connection with the Albertson's transaction; Defendant and the Court shall receive the bill of particulars by June 9, 2010"); *see also* Bill of Particulars, *United States v. Steinberg*, 12 Cr. 121 (RJS) (S.D.N.Y. September 18, 2013) (ECF No. 299) (providing particulars concerning the identity of coconspirators and relevant stocks, the nature and sources of confidential information, the nature of the benefit received by the tippers, the approximate periods of time during which the coconspirators attempted to obtain the information, and certain trading activity in furtherance of the conspiracy); Bill of Particulars, *United States v. Newman*, 12 Cr. 121 (RJS) (S.D.N.Y. August 29, 2012) (ECF No. 111) (same); Bill of Particulars, *United States v. Newman*, 12-CR-121 (RJS) (S.D.N.Y. May 16, 2012) (ECF No. 59) (same); Bill of Particulars, *United States v. Gupta*, No. S1 11 Cr. 907 (JSR) (S.D.N.Y. April 9, 2012) (ECF No. 47) (same).

Indeed, Judge McMahon's observations in *Connolly* on this very issue illustrate our point and powerfully refute the government's erroneous claim that we are improperly "using a bill of particulars to get a preview of the Government's trial evidence." Govt Letter at 1.

> I appreciate that a bill of particulars is not a vehicle for turning over evidence or providing the defense with a preview of the Government's case. **But it is simply unrealistic to think that giving defendants the underlying data for millions of transactions . . . without identifying a limited subset of transactions on which the Government intends to rely, is 'sufficiently precise' to allow defendants to prepare a defense and to avoid unfair surprise at trial. Given the magnitude of the Government's data dump and the length of time over which the alleged conspiracy took place, the usual rules on bills of particulars need to be stretched.**

*United States v. Connolly*, 2017 WL 2537808 (S.D.N.Y. May 24, 2017), at *6 (emphasis added); *see also United States v. Barnes*, 158 F.3d 662, 665 (2d Cir. 1998) ("[I]t is of no consequence that the requested information would have required the disclosure of evidence or the theory of the prosecution. While a bill of particulars is not intended, as such, as a means of learning the government's evidence and theories, if necessary to give the defendant enough information about the charge to prepare his defense, it will be required even if the effect is disclosure of evidence or of theories.").

The government suggests that its offer to provide exhibits two to three months before trial is in line with what *Connolly* ordered. But *Connolly* did not merely order the government to furnish an exhibit list four months before trial. In *Connolly*, the government provided the defendants with trading data 16 months before trial; and the Court ordered a bill of particulars defining a "finite universe of trades" eight months before trial, which could not be supplemented later than four months before trial. *United States v. Connolly*, 2017 WL 2537808, *6 (S.D.N.Y.

Honorable Richard M. Berman, U.S.D.J.
August 17, 2017
Page 3

**WILMERHALE**

May 24, 2017).  Moreover, whereas the defendants in *Connolly* have a trial scheduled almost 20 months after their initial appearance, the trial date in this case is in essentially half the time since our first conference.  While we are grateful for a speedy trial in this matter, the relatively shorter schedule in this case is another factor strongly militating in favor of a prompt bill of particulars.

At bottom, the rationale in *Connolly* and the other trade-based cases cited above is compelling and straightforward:  the inherent complexities of trade-based conspiracy prosecutions warrant notice through a bill of particulars.  Here, receiving exhibits that may or may not identify the specific trades, bids and offers at issue a mere two to three months before trial is simply inadequate.  Moreover, even if the government's trial exhibits identified the trades with specificity, the defendants need far more than two to three months before trial to analyze (including potentially with econometric experts) (a) whether the trading activity was consistent with an understanding to violate the Sherman Act, and (b) whether the trades at issue exerted a "direct, substantial, and reasonably foreseeable effect" on trade or commerce.  *See United States v. Hsiung*, 778 F.3d 738 (9th Cir. 2015).

The government's offer of trial exhibits also ignores that bills of particulars and trial exibits serve fundamentally different purposes.  Perhaps explaining the government's resistance to providing one, a bill of particulars is binding on the government, and a deviation therefrom can constitute a variance or constructive amendment.  *United States v. Germain*, 33 Fed. Appx. 565 (2d Cir. 2002) ("Once the government has responded with a bill of particulars, it is 'strictly limited to proving what it has set forth in it.'") (quoting *United States v. Glaze*, 313 F.2d 757 (2d Cir. 1963)).  The absence of a timely bill of particulars means that we are left to guess blindly which and how many trades—out of tens of millions—evidence the government's alleged conspiracy.  A bill of particulars that lists the trades, bids and offers (and corresponding communications) underlying the allegation that the defendants, *at times*, reached an anticompetitive agreement is wholly different from the government's trial exhibits proposal.  That proposal would force us, just 8 to 12 weeks before trial, to piece together, for the first time, massive trade blotters, chats and telephone calls amidst a mountain of trial exhibits in an attempt to determine what the government's claims may be at trial.

Finally, the government notes that we "have significantly narrowed" what we are seeking in our bill of particulars.  Govt Letter at 1.  That is correct, and we have consciously and intentionally done so in order to distill what we most urgently need and what is plainly uncontroversial: a list of the trades, bids, and offers (and corresponding communications, e.g., call or chatroom passage on that day) that the government intends to rely upon at trial.  From that essential list, we are prepared to intuit on our own the answers to most of our other requests from the discovery.

Our interest is simply to resolve this issue as soon as possible so that we can proceed apace with sifting through the massive amount of discovery and preparing substantive motions

WILMERHALE

Honorable Richard M. Berman, U.S.D.J.
August 17, 2017
Page 4


and for trial.  Should the Court wish to proceed by conference, we will be available at the Court's earliest convenience, including tomorrow or next week.

Respectfully submitted,


/s/ Anjan Sahni

Anjan Sahni
Heather Tewksbury
Thomas Mueller
*Counsel for Rohan Ramchandani*
WilmerHale LLP
7 World Trade Center
New York, NY 10007


Michael Kendall
Mark Gidley
Andrew Tomback
*Counsel for Richard Usher*
White & Case LLP
75 State Street
Boston, MA 02109


David Schertler
Lisa Manning
*Counsel for Christopher Ashton*
Schertler & Onorato, LLP
1101 Pennsylvania Avenue, NW, Suite 1150
Washington, D.C. 20004


cc: Jeffrey Martino, Esq., Carrie Syme, Esq., and Stephen McCahey, Esq.
    (Department of Justice, Antitrust Division)