WILMERHALE

September 13, 2017

Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re:  *United States v. Usher et al.*, 17 Cr. 19 (RMB)

Dear Judge Berman:

We respectfully write in response to the government's letter of yesterday regarding the bill of particulars.  The government's latest offer (after a month-and-a-half of discussion) represents progress insofar as the government has now *finally* agreed to provide trading information that we have long sought: the specific trades, orders, bids, and offers underlying each trading episode to be used at trial.  But after finally agreeing to provide the requisite trades, the government's position on timing (the "when") renders its proposal virtually meaningless.  Its offer to provide the final set of trades (which could easily exceed half a million) on May 3, 2018—a mere month before trial—would be far too late for us to be prepared for trial, and would compel us to seek an adjournment.  Finally, consistent with *Connolly* and other recent trading cases, the government should provide this information as a bill of particulars, not merely as a trial exhibit list.

I.      **The Government's Offer Does Not Leave Enough Time to Analyze the Trading Data**

The government proposes to identify, in two stages, the trades relevant to each alleged episode that might be used it its case-in-chief: an "initial" list on March 1, 2018 (three months before trial), or two weeks after a ruling on the motion to dismiss, whichever is earliest; and a "final" list on May 3, 2018 (one month before trial).  Critically, the government does not dispute that *each* episode could encompass literally *thousands* of potentially relevant trades per alleged conspirator.  We simply could not meaningfully analyze what may be well over half a million trades across 75 distinct episodes just three months before trial, let alone a final list a mere *one month* before trial.  For that very reason, we carefully selected a December 1, 2017 cut-off date because this trading data will take several months to analyze, including with the assistance of econometric experts.  It bears emphasis that in *Connolly*, where *less* trade data was involved, Judge McMahon ordered a *final* bill of particulars *four* months before trial.  We are hard-pressed to understand how the government could seriously propose providing a final list just one month before trial.

The government's justification for why it needs several months to identify the relevant trades is baseless.  Its investigation began more than *four years* ago.  It brought an indictment more than eight months ago.  More than two years ago, it announced that a team of "special

Honorable Richard M. Berman, U.S.D.J.
September 13, 2017
Page 2

WILMERHALE

agents, forensic accountants, analysts," regulators and prosecutors had "recreate[d] the price fixing" at issue here and "assembled a picture of manipulation."[1]  If this account was inaccurate and the government has not yet identified the relevant trades, it needs to do so now.  The defendants, who waived extradition and came here voluntarily, shouldn't be deprived of vital trading information at the heart of the case merely because the government (with the large team of agents, accountants, analysts, and prosecutors that it described in May 2015) claims it needs several months to analyze trading data to prepare for trial.  If the government isn't prepared for trial, it shouldn't have brought these charges when it did.  We respectfully submit that the government should provide a final list of episodes and trades by December 1.

## II.     The Government's List Should Have the Legal Force of a Bill of Particulars

Finally, the government refuses to provide a bill of particulars that would protect against a variance or constructive amendment of the indictment at trial, or from double jeopardy in a subsequent prosecution.  *See United States v. Connolly*, 2017 WL 2537808 (S.D.N.Y. May 24, 2017); *United States v. Ramirez*, 609 F.3d 495, 503 (2d Cir. 2010).  The government makes little effort to explain its position other than to say that it does not want to be committed to a binding list—which is no excuse—and to cite *United States v. Wey*, 2017 WL 237651 (S.D.N.Y. Jan. 18, 2017) (AJN)—which is easily distinguishable.  *Wey* involved allegations of a simple stock manipulation scheme, where the government provided Wey with a "wealth of evidentiary detail" through, among other things, a 24-page indictment and a 97-page search warrant affidavit that provided "granular detail on individual transactions" and "substantial additional detail on the alleged market manipulation scheme."  *Id.* at 20-21.  Here, the government has alleged a complex scheme in the largest financial market in the world, and claims it will feature up to 75 "trading episodes" at trial, with each episode involving potentially thousands of trades.  *Wey* is not remotely comparable; *Connolly* is squarely on point, and in line with other recent trading cases like *Walters*, *Newman, Steinberg*, and *Gupta*, all of which ordered bills of particulars.

*     *     *     *     *

After a month-and-a-half of discussion, the government has finally agreed to provide the trading data we need to defend this case.  But at the same, its position on timing renders that

---

[1] Andrew McCabe, FBI Assistant Director in Charge of Washington Field Office, Remarks at Announcement of Plea Agreement with Banks (May 20, 2015).  The government claims this "massive data analysis" refers to "fraud allegations."  (Letter at 5.)  That is flatly untrue.  The statement expressly references "price-fixing" (*i.e.*, *this* case) and was part of a press conference with the Attorney General announcing *antitrust* pleas by the banks.  The video of the press conference speaks for itself, and we will deliver a courtesy copy of the video on CD to Your Honor's Chambers later today.

Honorable Richard M. Berman, U.S.D.J.
September 13, 2017
Page 3

WILMERHALE

offer virtually meaningless.  We respectfully submit that the Court should order the government to provide what it has offered, in the form of a bill of particulars, by December 1.

Respectfully submitted,

*/s/ Anjan Sahni*

Anjan Sahni
Heather Tewksbury
Thomas Mueller
*Counsel for Rohan Ramchandani*
WilmerHale LLP
7 World Trade Center
New York, NY 10007

Michael Kendall
Mark Gidley
Andrew Tomback
*Counsel for Richard Usher*
White & Case LLP
75 State Street
Boston, MA 02109

David Schertler
Lisa Manning
*Counsel for Christopher Ashton*
Schertler & Onorato, LLP
1101 Pennsylvania Avenue, NW, Suite 1150
Washington, D.C. 20004

cc: Jeffrey Martino, Esq., Carrie Syme, Esq., and Stephen McCahey, Esq.
    (Department of Justice, Antitrust Division)